## DEFECTIVE CHATTEL MORTGAGE AND CONDITIONAL SALE LIENS.

### Circuit Court of Miami County.

### BOYER ET AL V. HOWLAND ET AL.

### Decided, 1908.

*Chattel Mortgages—Failure to Refile—Subsequent Seizure of Property by Mortgagee—Rights of General Creditors—Conditional Sales—Stringent Compliance Required with Statutory Provisions—Sections 4155 and 4155-2.*

1. Where a chattel mortgage expires without payment having been made and it is not refiled within thirty days pursuant to the statute, the lien becomes dead, and it can not be revived to the injury of creditors by the mortgagee taking possession of the property.

2. The policy of this state requires literal compliance with statutory provisions with reference to conditional sales, and omission by the vendee to file an affidavit with his claim in the office of the county

recorder renders the lien of the vendor under the conditional contract invalid.

DUSTIN, J. (orally); SULLIVAN, J., concurs; WILSON, J., not sitting.

William Howland absconded from the city of Piqua, leaving his business and family.. Certain creditors, who had been, and considered themselves still. mortgagees of some machinery, undertook to take possession thereof, and brought proceedings for the appointment of a receiver to continue the business for a time and wind it up. Certain machinery not included in the chattel mortgage had been sold to Howland upon conditional terms of sale, title to pass when the payments were completed. This machinery was sold by parties in New York where the contract was made.

The parties who claim to have a chattel mortgage on the machinery had allowed the chattel mortgage to expire without refiling. pursuant to the statute. The parties in New York, who sold the machinery upon conditional terms as to title, had filed the conditional contract, but had not complied with the statute of Ohio in this, that there was no affidavit on the part of the vendor as to how much was due to the vendee.

The receiver by the consent of all parties sold the premises. including the machinery involved here, and the proceeds are for distribution. The abandoned wife of Howland put in a claim for homestead.·

The common pleas court upon the facts presented, and they are not disputed, allowed the claim of the mortgagees as against general creditors, upon the theory that, by taking possession of the goods, a lien was effected which was good as against all others, notwithstanding the time for refiling the chattel mortgage had expired.

The common pleas court also held that the conditional sale was invalid as against creditors, both general and specific, and appeal was taken to this court by the dissatisfied parties. It has been quite an important and interesting case.

On the part of the receiver, as against these mortgagees, we have the argument, founded chiefly upon the case of *Cooper* v.

*Koppes*, 45th Ohio State Reports, page 625, that this mortgage was not renewed and was dead and inoperative and ineffective as to all persons, excepting of course as to the mortgagor.

The case of *Cooper* v. *Koppes* held as follows:

"1.   A chattel mortgage which is not reverified and refiled within thirty days next preceding the expiration of one year from the filing thereof, in pursuance of Section 4155 of the Revised Statutes, is void as against creditors and *bona fide* purchasers and mortgagees; nor is it revived as to them by being reverified and refiled after the expiration of one year from the former filing.

"2.   Such mortgage, so refiled four days after the expiration of the one year, creates no lien upon the mortgaged property as against a levy in favor of an execution creditor made after such refiling."

The argument on the behalf of the mortgagees is that although the statute, Section 4155, says in case of no refiling within thirty days next preceding the expiration of one year from the filing thereof, it shall be void as against creditors, mortgagees and innocent and *bona fide* purchasers, that what is meant is creditors who have obtained an attachment or judgment or otherwise fastened their liens upon the property, and not general creditors, although that is the phrase used.   The language is as follows:

"Every mortgage so filed shall be void as against the creditors of the person making the same, after the expiration of one year from the filing thereof, unless within thirty days," etc.

How are we to get around that?   It says "creditors."   After the expiration of a chattel mortgage that was not refiled, all creditors have the right to presume, and are so notified by the condition of the record, that it has been settled.   Why, if that is not to secure such creditors, are they included?   It would be an injustice, it seems to us, and very grossly inequitable, to allow a mortgagee who had allowed his mortgage to expire to come in thereafter and take possession of the goods or refile his mortgage, as referred to in the case of *Cooper* v. *Koppes*—gross injustice to those who in the meantime had given the debtor credit upon the state of the record.   The reasoning of the learned judge in the common pleas court, as against his own declared ideas, is

based on a series of decisions which in his view confirm the theory of the defense on behalf of the mortgagees, that they can, by taking possession, accomplish the same thing as by a new mortgage, or that they would have accomplished by the refiling of their mortgage. We do not hold to the same view—we can not reconcile our ideas to that theory; neither can we reconcile the decision in *Cooper* v. *Koppes* with that theory and the language of the court. Judge Owen, in the decision of that case, says:

"That the continuity of the lien was broken, and the mortgage was void　*　*　*　as to creditors. Here then, by common concession was as to creditors a dead lien. Where in the statute do we find authority to resurrect or revive it? There is none. The contract originally entered into between the parties was forever at an end, so far as it could affect creditors, and *bona fide* purchasers and mortgagees. He held it free from all liens as against creditors. It was not in the power of the mortgagor, by his own act, to create such a lien. Such lien could only have been created through convention of the parties. The possession by the mortgagor of the property presumed his ownership of it," etc.

We think that is the proper view of the matter, and we can not reconcile our ideas in this case to the theory of the court below, in which, as I have said, he decided against his own views, but presumedly in accordance with the authorities.

The lien was dead and it could not be revived so as to injure creditors—that means all creditors.

Now as to the other question, the conditional sale. We have examined that but not to our satisfaction; we do not propose to pass upon that question now; we have indicated our view upon the other matter, and I may add here that the homestead claim will be allowed as against the general creditors and against the mortgagees, but as to the other we would like to have further light. It does not seem to us justice or equity to allow the general creditors the advantage of having this machinery, which sold for much more than the lien of the vendor and yet had never been paid for. For, even after the vendor has been satisfied, it is beneficial to the creditors. To cut out the mortgagees for the reason that the affidavit was not signed by the vendor does not strike us favorably, and we want to see our way out of so

holding. Would it not be inequitable to allow that technicality to stand in the way of their receiving the value of their property? Nobody was deceived in the matter, the chattel mortgage or conditional contract of sale was on file, and the amount of the claim was stated there. We will not pass on that question now, but reserve it until later.

The general entry need not go on until we have more light.

Later, the court held that the lien of the vendor under the conditional contract was invalid. The policy of the state requires literal compliance with the statute, although seemingly working injustice in this case.